YARRUT, Judge.
Defendants have appealed devolutively from a judgment of the District Court granting a preliminary injunction restraining defendants, their agents, etc., from picketing or in any manner interfering with the discharge, at the Port of New Orleans, of those Honduran ships operated by Empresa Hondurena de Vapores, S. A., which transport cargoes, mostly bananas, to plaintiff, more particularly the ten ships named. The picketing was to compel the owners to permit the ships’ crews to vote whether defendant Union should represent them as their bargaining agent.
Plaintiff, a corporation organized under the laws of New Jersey, is authorized to and does business in Louisiana and other places; is the- consignee of cargoes shipped from Central and South American countries on vessels, some owned by Empresa Hon-durena de Vapores, S. A. (herein referred to as Empresa) a Honduran corporation, and some by Balboa Steamship Company, (herein referred to as Balboa) a Panamanian corporation; all operated by Empresa (flying the Plonduran flag) with foreign seamen under foreign articles; and call periodically at the port of New Orleans, with cargoes consigned to plaintiff.
Defendants are (1) a labor union, having an office in New Orleans and transacting business there and elsewhere in the United States; and (2) its port agent assigned to New Orleans.
The cargoes consist mostly of highly perishable bananas, loaded in Central or South America, previously sold by plaintiff under contract for delivery to the vendees in New Orleans. Each cargo is valued from $100,000.00 to $160,000.00.
The vessels are owned by Empresa or Balboa, but operated and crewed by Em-presa. Plaintiff is owned by United Fruit Company, an independent American corporation, engaged in the purchase, sale and distribution of bananas grown in South and Central America, consigned to it for sale and distribution throughout the United States and Canada.
Empresa was created in 1941 and has operated within and from Honduras since that time. The vessels had been operated under Honduran or Panamanian flags for several decades prior to Empresa’s acquisition in 1941, and were acquired from a Panamanian corporation. While Empresa’s stock is owned by United Fruit Company Empresa is managed and operated independently of United Fruit, by officers and directors located in Honduras, none of whom is employed by United Fruit Company. Em-presa’s primary function is the operation of vessels, all of which are registered in, and fly the flag of Honduras.
Balboa is a Panamanian corporation owning three of the vessels involved, which are registered in, and fly the flag of Honduras and whose crews are exclusively employees of Empresa.
All crew members are hired by Empresa in Honduras; are paid in Honduras; vacation in Honduras, where they maintain residences; none American; are Honduran citizens with one or two exceptions; and are represented by a Honduran labor union, which supplies its members to Empresa.
On November 13, 1959, defendant Union filed a petition with the National Labor Relations Board (referred to herein as Labor Board) seeking an election among all seamen employed aboard vessels operated by Empresa, which application was pending at the time of the judgment for preliminary injunction in this case. The Labor Board' *855 had neither taken nor rejected jurisdiction at that time.
Defendants objected to the jurisdiction of the court on the ground the Labor Board alone had jurisdiction to determine whether an election should be called, and once it has invoked jurisdiction (which it did on November 15, 1961), it is exclusive under Sec. 10, 61 Stat. 146, 29 U.S.C.A. § 160, as amended, which provides:
“The Board is empowered, as hereinafter provided, to prevent any person from engaging in unfair labor practice (listed in section 8) affecting commerce. This power shall not be affected by any other means of adjustment or prevention which has been or may be affected by agreement, * * or otherwise.”
The United States Supreme Court squarely held that the National Labor Relations Act in no way applies to foreign vessels regarding their internal labor relations, while temporarily in American waters. Benz v. Compania Naviera Hidalgo, S. A., 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed 2d 709.
Our own State Supreme Court, on November 6, 1961, in the case of New Orleans Opera Guild, Inc. v. Musicians Mutual Protective Union, Local 174, 242 La. 134, 134 So.2d 901, with regard to the jurisdiction said:
“The doctrine of Federal preemption in labor cases rests on the theory that the National Labor Relations Act accords exclusive jurisdiction to the National Labor Relations Board over matters either prohibited by the Act or protected therein. See Garner v. Teamsters, C. & H. Local Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (24 LC P 68,020); Weber v. Anheuser Busch, Inc., 348 U.S 468, 75 S.Ct. 480, 99 L.Ed. 546 (27 LC P 69,064) and Mississippi Valley Electric Co. v. General Truck Drivers, etc., 229 La. 37, 85 So.2d 22 (29 LC P 69,067). Since the exercise of jurisdiction over enterprises in interstate commerce by the N.L.R.B., is, to a certain extent, discretionary, situations could well arise where the State courts would be deprived of jurisdiction even though the N.L.R.B. had declined to take jurisdiction. In 1959 Congress sought to remedy this uncertainty as to the lack of a forum to hear grievances in such cases by amending the National Labor Relations Act to provide that, where the N.L.R.B. declined jurisdiction, the States were free to assume jurisdiction. See 73 Stat. 541, 29 U.S.C.A. section 164.
“However, this amendment does not of itself, solve the problem of jurisdiction presented here as the N.L.R.B. has not declined to take jurisdiction of the matter. Rather, the reason why the Regional Director refused to issue a complaint after investigating plaintiff’s charges was because he found ‘ * * insufficient evidence of violation * * *’. Such an order does not entail a determination of jurisdiction vel non since it is only in the issuance of a complaint that the Regional Director is required to pass on the matter of jurisdiction. 29 U.S.C.A.App. Sec. 101.8. Under these circumstances, then, this Court perforce must determine State jurisdiction ratione materia without any assistance from either the proceedings instituted by plaintiff before the N.L.R.B. or the recent amendment to the National Labor Relations Act which had as its purpose the solving of the jurisdictional dilemma sometimes presented in labor relations cases.”
While this case was pending nere on appeal, the federal courts in two cases, based on identical facts found here, held that the National Labor Relations Board was without jurisdiction to order an election to select a bargaining agent among the crews of foreign vessels. One case was by the United States Court of Appeal, Sec *856 ond Circuit, on January 12, 1962, in Empresa Hondurena de Vapores, S. A., Plaintiff-Appellant, v. Ivan C. McLeod, Regional Director, Second Region, National Labor Relations Board, 300 F.2d 222, and the other in the case of Sociedad Nacional de Marineros de Honduras v. McColloch, et al., U.S.D.C., D.C., 201 F.Supp. 82.
That the picketing is peaceful does not warrant its pursuit when it is illegal and tortious; illegal because its purpose is to interfere with and regulate the internal affairs and management of foreign vessels in violation of treaty rights and guarantees, and tortious because its immediate effect is to cause irreparable property and financial loss to the foreign ship owners and their foreign and American business associates. Bakery & Pastry Drivers & Helpers Local 802 v. Wohl, 315 U.S. 769, 776-777, 62 S.Ct. 816, 86 L.Ed. 1178, cited with approval in Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 69 S.Ct. 684, 93 L.Ed. 834.
The judgment of the district court granting the preliminary injunction is correct because:
(1) The issue involves the internal labor relations of a foreign ship and its foreign workers under contracts made abroad, while such ships were temporarily in American waters, over which the Labor Board has no authority or jurisdiction.
(2) That, on the merits for the preliminary injunction, plaintiff proved that any delay in unloading the bananas would cause far more substantial loss to plaintiff were the injunction not granted, than could be suffered by defendants in granting it.
Further, on the trial of the merits for a permanent injunction, both parties may introduce further evidence, statutes and jurisprudence. The judgment will be affirmed, defendant to pay all costs of this appeal; all other costs to await final determination.
Affirmed.